IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM GUDGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18−cv−1453−MJR |
| | ) |
| T. G. WERLICH, | ) |
| | ) |
| Respondent. | ) |
| | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Petitioner, currently incarcerated in Federal Correctional Institution Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his sentence. Petitioner is serving 125 months for conspiracy to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Doc. 1, p. 2)(Doc. 1-1, pp. 1-2).[1] Petitioner's sentence was enhanced pursuant to 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 851(a). (Doc. 1-1, p. 3). Petitioner argues that his state court conviction for sale of a controlled substance under Tennessee law no longer counts as a predicate offense in light of the decision in *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016). (Doc. 1, p. 3)

Petitioner pleaded guilty pursuant to a plea agreement. (Doc. 1, p. 2)(Doc. 1-1, p. 2). He did not file a direct appeal. *Id.* Petitioner brought a § 2255 motion in the sentencing court on November 20, 2014. (Doc. 1, p. 4) (Doc. 1-1, p. 2). On July 7, 2017, the § 2255 motion was denied, in part because Petitioner's plea agreement waived his right to file collateral attacks on

---

[1] Petitioner was charged with other counts, but they were dismissed pursuant to his plea agreement.

the judgment. (Doc. 1-1, p. 2); *Gudger v. United States*, 13-cr-075-JRG-MCLC; 14-cv-347, Doc. 69, pp. 4-5 (E.D. Tenn. July 7, 2017) (hereinafter "criminal matter").

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## The Petition

Petitioner alleges that he relies on *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016). He argues that he has properly triggered the savings clause in § 2255(e) by relying on a retroactive statutory-decision case. He also argues that the application of a § 841(b)(1)(B) and § 851 sentencing enhancement constitutes a grave miscarriage of justice because it resulted in the statutory minimum increasing from 5 years' imprisonment to 10 years' imprisonment. Specifically, Petitioner argues that his Tennessee conviction for facilitation of a sale of .5 or more grams of cocaine does not qualify as a generic controlled substance conviction for the purposes of the statutory enhancements. He argues that it categorically fails as a controlled substance offense because the Tennessee statute permits conviction without proof of intent to commit the underlying drug offense.

## Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the

writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). In this case, Petitioner is clearly attacking his sentence. However, Petitioner argues that § 2255 is not available to him because *Mathis* was decided after he filed his § 2255 motion on November 20, 2014. While it is true that *Mathis* was unavailable to Petitioner previously, it is clear that he is not entitled to the relief he seeks because his plea agreement bars this action.

First of all, Petitioner signed a plea agreement in the underlying matter on October 1, 2013. (Criminal Matter, Doc. 22). The plea agreement specifically states that Petitioner agrees "because of defendant's prior felony drug conviction, the maximum penalty to which the defendant will be exposed by virtue of the guilty plea is a term of imprisonment of a mandatory 10 years and not more than life . . ." (Criminal matter, Doc. 22, p. 1). Petitioner also acknowledged as part of the plea agreement that his prior Tennessee conviction constituted a felony offense punishable by imprisonment of more than one year. (Criminal matter, Doc. 22, p. 6). The plea agreement goes on to waive Petitioner's right to "collaterally attack [his] convictions and/or resulting sentence." (Criminal matter, Doc. 22, p. 9).

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a § 2241 petition; the waiver does not

make the remedy afforded by § 2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Here, Petitioner has signed a plea agreement that waives his right to file a collateral attack. While the waiver does not mention § 2241 explicitly, it designates certain exclusions, and § 2241 is not listed among them. Moreover, the plea agreement specifically states that Petitioner agrees that his prior Tennessee conviction counts as a felony drug offense for purpose of the enhancement he received. Petitioner does not articulate any reason why his plea agreement should be set aside or not enforced. The plea agreement as written clearly precludes this proceeding, both because Petitioner agreed that he would not pursue collateral proceedings and because it memorializes Petitioner's agreement that this action lacks merit.

The Court finds that Petitioner has waived his right to proceed in this matter. Accordingly, the § 2241 Petition shall be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past

4

six months) irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal deadline.  It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 11, 2018**

**s/ MICHAEL J. REAGAN**
**U.S. Chief District Judge**